```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
In the matter of the Application for the:
Determination of Interim License Fees   :    10 Civ. 167
for                                     :    (DLC)(MHD)
                                        :
THE CROMWELL GROUP, INC. AND AFFILIATES,:
et al.                                  :
                                        :    MEMORANDUM
----------------------------------------:    OPINION AND
                                        :      ORDER
Related to                              :
                                        :
UNITED STATES OF AMERICA,               :
                                        :
                            Plaintiff   :
          v.                            :
                                        :
AMERICAN SOCIETY OF COMPOSERS, AUTHORS, :
AND PUBLISHERS,                         :
                            Defendant.  :
                                        :
----------------------------------------X
```

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: 5/13/10 |

On January 8, 2010, ASCAP filed a joint application for the determination of interim license fees, retroactive to the date that the Radio Music License Committee ("RMLC") submitted a written license request to ASCAP, which was December 11, 2009. The Second Amended Final Judgment ("AFJ2") allows either the music user or ASCAP

> to apply to the Court to fix an interim fee
> pending final determination or negotiation
> of a reasonable fee.  The Court shall then
> fix an interim fee within ninety (90) days
> of such application for an interim fee
> retroactive to the date of the written
> request for a license, allowing only such
> limited discovery, if any, that the Court
> deems necessary to the fixing of such
> interim fee.  In fixing such interim fee,

> there shall be a presumption that the last existing license (if any) between the music user and ASCAP, or between licensees similarly situated to the music user and ASCAP, sets forth the appropriate interim fee.

AFJ2 § IX(F), United States v. ASCAP, No. 41 Civ. 1395, 2001 WL 158999 (S.D.N.Y. June 11, 2001).

The purpose of setting interim fees is to "ensure a reasonable flow of funds to ASCAP . . . while the parties negotiate or litigate a binding fee." United States v. ASCAP (In re Application of the Nat'l Cable Television Ass'n), No. 41 Civ. 1395, 1999 WL 335376, at *3 (S.D.N.Y. May 26, 1999). An interim fee "is to be set promptly, as a rough, tentative and temporary determination, subject to retroactive adjustment when the final fee is determined, and may bear little resemblance to the final fee." United States v. ASCAP (In re Application of Youtube, LLC), 616 F. Supp. 2d 447, 450-451 (S.D.N.Y. 2009) (citation omitted).

AFJ2 does not establish which party bears the burden of establishing the reasonableness of an interim fee, but the standard for presumptions is instructive. Federal Rule of Evidence 301 instructs:

> [A] presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of nonpersuasion, which remains

2

>           throughout the trial upon the party on whom
>           it was originally cast.

Fed. R. Evid. 301.  A presumption is "an assumption of fact" which "ceases to operate . . . upon the offer of contrary evidence" that is "sufficient to support a finding of the nonexistence of the presumed fact."  ITC Ltd. v. Punchgini, Inc., 482 F.3d 135, 148 (2d Cir. 2007) (citation omitted).

Should the party challenging the presumption -- here, the RMLC -- offer sufficient evidence to overcome the presumption that its last license with ASCAP sets forth "the appropriate interim fee," AFJ2 § IX(F), the burden of demonstrating the reasonableness of its interim fee proposal would lie with ASCAP.  While AFJ2 is silent on the question of which party bears the burden of proof in establishing the reasonableness of a proposed interim fee, ASCAP bears the burden of establishing the reasonableness of a proposed final fee.  AFJ2 § IX(B).  There is no evidence in the language of AFJ2 that the burden should not also be upon ASCAP at the interim fee stage, in the event that the presumption has been overcome.

Having considered the written submissions of the parties and their oral arguments during the conference on May 13, 2010, it is hereby

3

ORDERED that the interim fee payable by the RMLC is $192,413,111 per year.

SO ORDERED:

Dated:   New York, New York
         May 13, 2010

```
                        _____
                              DENISE COTE
                        United States District Judge
```